Kevin Michael USELMAN, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A12–1533.

Court of Appeals of Minnesota.

June 10, 2013.

David W. Merchant, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, MN; for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Thomas H. Pertler, Carlton County Attorney, Jesse D. Berglund, Assistant County Attorney, Carlton, MN, for respondent.

Considered and decided by CHUTICH, Presiding Judge; PETERSON, Judge; and ROSS, Judge.

## OPINION

ROSS, Judge.

Kevin Uselman, a civilly committed sex offender confined and subject to treatment at Moose Lake, pleaded guilty to and was convicted of assaulting one of the treatment program's staff members in December 2009. Now Uselman appeals from the district court's denial of his petition for postconviction relief for that offense. He argues that his guilty plea was invalid because he entered it on the state's erroneous promise that his sentence would not include a mandatory five-year conditional release term. Because Uselman's plea agreement as memorialized in the plea petition erroneously stated that a period of conditional release did not apply, he did not plead guilty knowingly. We therefore reverse and remand.

## FACTS

The state charged Kevin Uselman in January 2010 with one count of fourth-degree assault after he held a sex-offender security counselor in a headlock and punched him repeatedly in the face and head. Uselman allegedly told facility staff that his motive for the assault was to be sent to prison.

Uselman and the state entered into an agreement under which Uselman would plead guilty to the charge and the state would dismiss a pending complaint in an unrelated matter. Uselman's plea petition, which the state acknowledges embodies the plea agreement here, included the following terms: "[P]lead as charged to 4° assault w/Guidelines sentence of 1 yr + 1 day dismiss file CR–10–119 PSI." Most significant to this appeal, the plea petition, which was mostly a preprinted form with several blanks for handwritten designations, included the declaration, "In this case, the period of conditional release is —— years," and "N/A" was handwritten into the blank. Notwithstanding this notation in Uselman's plea petition, Minnesota Statutes section 609.2231, subdivision 3a(d) (2008), required a conditional release term of five years for Uselman's offense. Uselman signed the plea petition, and the district court accepted it during a plea hearing the next day.

Corrections Agent Mark McCarthy completed a sentencing worksheet that, contrary to the plea petition, indicated accurately that Uselman should receive a five-year period of conditional release after an executed prison sentence. Uselman's counsel addressed the worksheet at Uselman's sentencing hearing, stating, "[T]he worksheet I think is properly filled out. I reviewed it with Mr. Uselman and I don't have any objections. I think it's appropriate." The district court announced the sentence, initially stating that it included no period of conditional release. But Agent McCarthy noted this as error, and the district court corrected itself by stating that a five-year conditional release period applied. The district court did not highlight that this term of the sentence differed from Uselman's plea petition. And neither Uselman nor his attorney objected to the worksheet's, Agent McCarthy's, or the district court's indication that the five-year conditional release period would follow Uselman's incarceration. Uselman did not directly appeal his conviction or sentence.

Uselman filed a petition for postconviction relief seeking permission to withdraw his guilty plea. He argued that his plea was not knowingly or intelligently made because he had not been informed of the five-year period of conditional release before he pleaded guilty, emphasizing that, to the contrary, his plea petition had indicated that a conditional release term was "not applicable" to his case. The postconviction court rejected the argument. It inferred that Uselman knew of the five-year term because he had reviewed and agreed to the sentencing worksheet, which included it, and because neither Uselman nor his attorney objected when the conditional release period was mentioned and imposed at the sentencing hearing.

Uselman appeals.

## ISSUE

Did the district court err when it relied on Uselman's failure to object at sentencing to infer that Uselman's guilty plea was knowing and voluntary despite the statement in Uselman's plea petition expressly and erroneously indicating that he would not be subject to a conditional release period after his imprisonment?

## ANALYSIS

We review a district court's denial of postconviction relief to determine

whether the court abused its discretion. *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn.2004). We review issues of law de novo and findings of fact for sufficiency of the evidence. *Leake v. State*, 737 N.W.2d 531, 535 (Minn.2007). Uselman argues that the postconviction court abused its discretion by denying his petition to withdraw his guilty plea, insisting that his plea was not voluntary or intelligent. We review de novo the legal issues of the interpretation and enforcement of plea agreements. *James v. State*, 699 N.W.2d 723, 728 (Minn.2005).

 Uselman essentially argues that the "N/A" notation in his plea petition memorialized a term of the plea agreement to indicate that the parties had agreed that a conditional release term was not applicable to his case. Because the district court was instead statutorily required to include a postimprisonment, 60–month conditional release period in his sentence, Uselman argues that he entered into his plea agreement involuntarily and unknowingly. The argument is persuasive. A guilty plea is involuntary when it rests "in any significant degree" on an unfulfilled or unfulfillable promise, "including a promise of a sentence unauthorized by law." *Id.* at 728–29 (quotations omitted). An intelligent plea is one made "knowingly and understandingly." *Perkins v. State*, 559 N.W.2d 678, 688 (Minn.1997). "The intelligence requirement ensures that a defendant understands the charges against him, the rights he is waiving, and the consequences of his plea." *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn.2010). If the district court intends to impose a sentence greater than the sentence the parties agreed to, it must first inform the defendant and allow him to withdraw his guilty plea. *See Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979). Because the plea agreement rested on the state's unfulfillable promise that a postimprisonment conditional release period would not apply, Uselman's resulting plea was not knowing and voluntary, and the district court was required to inform him of the discrepancy and allow him either to affirm his agreement despite it or to withdraw his guilty plea.

The postconviction court reached a different conclusion. Relying on *Rhodes*, it held that Uselman's knowledge of the conditional release term could be inferred. We see a material dissimilarity between this case and *Rhodes*, rendering the postconviction court's reliance on it mistaken. In *Rhodes*, the defendant's plea petition was silent on a term of conditional release, but at sentencing the district court included the statutorily mandated 60–month conditional release period anyway. *Rhodes*, 675 N.W.2d at 325–26. The supreme court held that there was no abuse of discretion in determining that Rhodes's plea was intelligently made, reasoning that the conditional release term was mandatory and Rhodes was on notice of the release term because the statutory requirement was added years before his plea. *See id.* at 327. The district court could infer that the defendant had understood all along that the conditional release term was a part of his plea bargain because it was mandatory, it was not mentioned in any plea petition, and the defendant failed to object to the presentence report's recommendation, the state's request at sentencing, or the court's imposition of the sentence, each of which included the conditional release period. *Id.*

The material factual dissimilarity in the plea petitions distinguishes *Rhodes*. Unlike the plea petition in *Rhodes*, which was silent on conditional release, Uselman's plea petition addressed it. It expressly declared that conditional release was not applicable "[i]n this case." Based on this distinction, we reject the state's urging to

stretch *Rhodes* to cover these facts for two reasons. First, *Rhodes* nowhere suggests that a district court may infer understanding that a 60–month probationary term would apply in the face of the *express understanding* that a probationary term would *not* apply. Second, the logic that bears on causation does not support extending *Rhodes.* It makes perfect sense to resort to inferential, circumstantial evidence of a person's understanding when express, direct evidence is lacking. This reasonable gap-filling by the district court is all that *Rhodes* affirms. But it is not at all reasonable to infer from circumstances that occurred long *after* the plea agreement that a defendant understood *before* he entered the plea agreement that he would be subject to a sentencing term that his extant plea petition had expressly considered inapplicable to his case.

Another distinction between this case and *Rhodes* independently supports reversal here. Here, unlike in *Rhodes,* both the parties declare that Uselman's plea petition constitutes the parties' plea agreement. The state's brief on appeal clarifies, "Under the terms of the *plea agreement in the petition,* the prosecutor agreed that Appellant would plead guilty...." (Emphasis added.) Since the *Rhodes* court addressed silence in a mere plea *petition,* and we address express language in a plea *agreement,* we are certain that the *Rhodes* holding cannot extend here. Plea agreements "have been analogized to contracts and principles of contract law are applied to determine their terms." *In re Ashman,* 608 N.W.2d 853, 858 (Minn.2000). Well-settled contract law forecloses the extension of *Rhodes* that the state urges. It is axiomatic

> that when parties have deliberately reduced their engagements to writing, in terms precise and unambiguous, their intention must be gathered from the whole instrument, and the language thus chosen to express their meaning, and parol evidence is inadmissible, to add to, contradict or alter such language, or to support a construction at variance with the fair, plain import of the words themselves.

*City of Winona v. Thompson,* 24 Minn. 199, 207–08 (Minn.1877). Because direct parol evidence cannot be relied on to aid in construing the understanding of parties unambiguously contracting even for the exchange of commercial goods or services, circumstantial postcontract parol evidence cannot support the inference that a contracting defendant knew that he faced a sentencing term that his written plea agreement unambiguously declares to be inapplicable.

The district court abused its discretion by making the *Rhodes* inference here. Without the *Rhodes* inference from the postplea events, the evidence in the plea petition supports only the conclusion that Uselman urges. He entered his plea involuntarily on an erroneous understanding and an erroneous agreement. The district court must permit him to withdraw his guilty plea such that neither he nor the state is bound by the plea agreement that precipitated it.

## DECISION

If Uselman's plea petition is nothing more than a plea petition, as it appears to be on its face, the district court erroneously inferred that Uselman understood a sentencing term that the plea petition contradicted: the plea petition expressly reflected Uselman's understanding at the time of his plea, leaving no logical ground to rely on later circumstantial evidence to infer a different understanding. If instead Uselman's plea petition is, as the parties both indicate, also the parties' plea agreement, the district court erroneously

inferred that Uselman understood a sentencing term that the plea agreement contradicted: the plea agreement expressly memorialized both parties' understanding of the sentencing term, leaving no legal ground to rely on parol evidence to infer that Uselman had a different understanding. Either way, these holdings separately lead us to conclude that Uselman's guilty plea was not knowing and voluntary. We reverse and remand for the district court to allow Uselman to withdraw his guilty plea and to relieve the state of any obligations under the plea agreement.

**Reversed and remanded.**