*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0489**

Joshua Zachary Matter, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 23, 2015
Affirmed
Stauber, Judge**

Olmsted County District Court
File No. 55-CR-11-2534

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Stauber, Judge; and Chutich, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

In a postconviction appeal challenging his conviction for possession of pornographic work on a computer, appellant argues that the district court should have

held an evidentiary hearing to consider his various claims of ineffective assistance of counsel. We affirm.

## FACTS

Appellant Joshua Zachary Matter was charged with two felonies for possession and dissemination of pornography on a computer. While executing a search warrant, police discovered 32 files on appellant's computer, five of which matched child pornography "hash values," resulting in recovery of numerous images of child pornography.

Appellant agreed to enter an *Alford* plea[1] to the possession-related charge in exchange for the state's dismissal of the dissemination-related charge and a sentence that consisted of 120 days of electronic home monitoring with work release, restricted computer use, and "all other terms and conditions open to argument." The plea offer was also "conditioned on [appellant's] cooperat[ion] with [the] PSI and making all court dates." In his plea petition, appellant made statements supportive of his attorney's performance, including that he had "sufficient time to discuss my case with my attorney," that he was "satisfied that my attorney is fully informed as to the facts of this case," that "[m]y attorney has discussed possible defenses," and that "I am satisfied that my attorney has represented my interests and has fully advised me." The plea petition also includes appellant's acknowledgement that he understood his various trial rights and waived them. The district court accepted the plea and ordered a presentence investigation (PSI).

---

[1] A defendant who enters an *Alford* plea maintains innocence but concedes that there is sufficient evidence to support a guilty verdict. *State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977).

The PSI report notes that the presumptive guidelines sentence for the offense of conviction is a stayed fifteen-month sentence and recommends a probationary sentence in accordance with appellant's plea agreement. The PSI proposes as conditions of probation that appellant "[r]egister as a predatory offender and submit a DNA sample as required by statute."

In conjunction with preparation of the PSI, appellant participated in a psychosexual assessment. The evaluator diagnosed appellant with "paraphilia not otherwise specified," depression, and avoidant personality disorder, and recommended that appellant "should be required to complete adult group sex offender treatment." The evaluator rejected appellant's claim that he never intentionally sought child pornography, noting that appellant's computer showed "'numerous hits' for terms, such as 'pedo and pthc' (which are indicative of child pornography)," that he "downloaded these files from Shareaza, a peer-to-peer file sharing program," and that some files were named "Sandra Teen Model Nude Pics Pedo Pthc, Pedo Lolita Kids Kinder Pedofilia Sandra Teen Model Nude Pics Pedo Pthc, and Raygold Lolita pedo 10Yo F-----g a Sister Sleep 11Yo." The evaluator concluded that "[b]ased on the titles of these files, it would be impossible for an individual not to know what was on" the downloaded files.

At sentencing, consistent with his plea agreement, the district court stayed imposition of sentence and placed appellant on probation for five years, requiring him to be placed on home monitoring for 120 days. Probation was made subject to numerous conditions, including that appellant successfully complete a sex-offender program, register as a predatory offender, and provide a DNA sample.

3

Appellant's probation agent filed a probation violation report in May 2013 alleging failure to complete sex-offender treatment and later added violations for contact with minors, going places where children congregate, and marijuana use. In August 2013, appellant moved to withdraw his plea, arguing that he had repeatedly maintained his innocence, no actual images of child pornography were found on his computer,[2] he was convinced to plead guilty by his attorney's statement that he would likely lose custody of his ten-year-old daughter if he did not accept the plea, and his attorney's advice to enter an *Alford* plea set him up "for almost certain failure" because "he would be required to complete a treatment program that included polygraph examinations."

After his probation agent filed a new probation violation report for his use of drugs, appellant petitioned for postconviction relief, alleging that his attorney provided ineffective assistance of counsel by failing to advise him at the time of his plea that he could be required to complete sex-offender treatment as a condition of probation, and by advising him to enter an *Alford* plea despite a weak case against him and his consistent claim of innocence.

The district court dismissed appellant's petition without an evidentiary hearing, concluding that appellant had not shown a factual basis for plea withdrawal or an actionable claim of ineffective assistance of counsel. This appeal followed.

---

[2] At Matter's plea hearing, he admitted that he downloaded "a number of images" which involved minors in sex acts.

**D E C I S I O N**

Appellate courts apply an abuse-of-discretion standard of review to a postconviction court's denial of an evidentiary hearing. *Caldwell v. State*, 853 N.W.2d 766, 770 (Minn. 2014). A postconviction court must hold an evidentiary hearing unless the petition, records, and files conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). An evidentiary hearing is necessary if material facts exist that must be resolved for a determination of the merits of the claim. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). But if the petitioner alleges facts that, even if true, are legally insufficient to entitle the petitioner to the requested relief, the postconviction court need not hold an evidentiary hearing. *Bobo v. State*, 820 N.W.2d 511, 516 (Minn. 2012).

The Sixth Amendment guarantees the right to counsel, U.S. Const. amend. VI, which includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). To prevail on a claim of ineffective assistance of counsel, "an appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that the outcome would have been different but for counsel's errors." *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003) (quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. An appellate court need only address one prong of the *Strickland* test if that prong is dispositive. *Rhodes*, 657 N.W.2d at 842.

Appellant argues that under *Padilla v. Kentucky*, his attorney should have informed him of the consequences of his conviction, including the possibility of his being required to participate in sex-offender treatment, which typically requires an admission of guilt, and that had his attorney properly counseled him, he would not have agreed to the *Alford* plea. 559 U.S. 356, 366, 130 S. Ct. 1473, 1481 (2010) (holding that counsel must inform client of consequences of a guilty plea that placed client at risk of deportation). Appellant asserts "that sex offender treatment has become so interrelated to the criminal process in cases with sexual overtones that it too should require full disclosure to criminal defendants as part of the guilty plea process." We disagree.

When considering the first *Strickland* prong, appellate courts have limited the holding of *Padilla* to deportation cases. *See Sames v. State*, 805 N.W.2d 565, 569-70 (Minn. App. 2011) (ruling that *Padilla* does not require an attorney to advise a client that a guilty plea may result in the client's ineligibility to possess a firearm). Following *Padilla*, Minnesota courts have made a distinction between collateral and direct consequences of a plea in determining the reasonableness of an attorney's performance, and have held that attorneys must advise their clients of only direct consequences of a plea, such as "the maximum sentence to be imposed and the amount of any fine," *Alanis v. State*, 583 N.W.2d 573, 578 (Minn. 1998), *abrogated in part by Padilla*, 559 U.S. at 388, 130 S. Ct. at 1494. *Sames*, 805 N.W.2d at 568. The consequence of pleading guilty at issue here, which required completion of sex-offender treatment as a condition of probation, is collateral to appellant's plea, and "ignorance of a collateral consequence does not entitle a criminal defendant to withdraw a guilty plea." *Id*.

Further, appellant's postconviction petition does not allege that appellant's attorney failed to advise him that he might be required to attend sex-offender treatment. The petition states only that appellant "understood at the time [of the plea] that treatment was not likely because this was his first offense . . . ." These alleged facts are insufficient to support a finding that appellant was not advised of the requirement of sex-offender treatment.

For these reasons, appellant cannot satisfy the first *Strickland* prong to show that his trial counsel's performance was defective. Moreover, even assuming that appellant's attorney should have informed him of the likelihood of required sex-offender treatment or of the DNA registration requirement, these omissions did not satisfy the second *Strickland* prong, that there is a reasonable probability that the result would have been different without the errors. Contrary to appellant's claim, the evidence against him was strong: police legally obtained evidence that he had downloaded numerous images of child pornography on his computer. Appellant asserts that he lacked intent to commit the offense of conviction, but this claim is contradicted by evidence on his computer of his use of search terms that focused on and specifically sought images of sex acts involving children. Further, appellant's suggestion that the typical child pornography case involves many more images of children is of no legal import; the offense of conviction requires possession of only one image. *See* Minn. Stat. § 617.247, subd. 4 (2010) (making it a crime to "possess[] a pornographic work"). Appellant has failed to demonstrate ineffective assistance of counsel, and the district court did not abuse its discretion by denying appellant an evidentiary hearing.

Appellant also asserts that his plea was invalid because his trial attorney informed him that he would likely lose custody of his child if he did not accept the plea offer. A defendant does not have an absolute right to withdraw a plea. *State v. Farnsworth*, 738 N.W.2d 364, 371 (Minn. 2007). A defendant may withdraw a plea after sentencing only if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Manifest injustice exists when a guilty plea is invalid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A valid guilty plea must be accurate, voluntary, and intelligent. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). The defendant bears the burden to establish an invalid plea. *Id.*

Because appellant merely identifies this issue in his pro se brief without citing legal authority to support it, we normally would deem the issue waived. *See State v. Palmer*, 803 N.W.2d 727, 741 (Minn. 2011) (holding that appellant waived ineffective assistance of trial counsel claims by failing to include in the appellate brief "argument or citation to legal authority in support of the allegations" and prejudicial error was not obvious); *State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002) (stating that when a party makes no argument and cites no legal authority to support a claim, appellate court deems it waived). Further, appellant's specific allegation was that he was informed by his attorney that the prosecution would "not try and go after your daughter if you take the plea." This fails under either prong of *Strickland*. "A guilty plea is involuntary when it rests in any significant degree on an unfulfilled or unfulfillable promise . . . ." *Uselman v. State*, 831 N.W.2d 690, 693 (Minn. App. 2013) (quotation omitted). The "promise" here was only purportedly made by the state and relayed by his attorney. Further,

appellant can show no prejudice in accepting the plea when the evidence of his guilt was strong and he received a very favorable sentence.

The other arguments raised by appellant in his pro se brief, that he has had mental-health issues his entire life and that several of his alleged probation violations were later withdrawn by the state, necessitate no consideration by this court. At the time of his plea, the record does not suggest—nor was there any allegation—that appellant had a mental-health problem that would affect his ability to enter a valid plea. His plea petition states that he was a patient in a mental hospital and took medication for depression and anxiety, but also states that he was not ill recently and was under the care of a psychiatrist. A review of the plea proceedings demonstrates that appellant fully participated in the plea hearing and that he showed no mental deficit. The record would not support a finding of incompetence to enter a plea. *See* Minn. R. Crim. P. 20.01, subd. 2 (basing incompetence to enter a plea on defendant's inability to "understand the proceedings or participate in the defense due to mental illness or deficiency"). Finally, the withdrawal by the state of some of appellant's alleged probation violations has no bearing on his claim of ineffective assistance of counsel.

**Affirmed.**