*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1046**

Craig Allan Hargreaves, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 16, 2016
Affirmed
Halbrooks, Judge**

Kandiyohi County District Court
File No. 34-CR-09-446

Bruce A. Rasmussen, Bruce A. Rasmussen & Associates, LLC, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Peterson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant challenges the district court's denial of his postconviction petition. We affirm.

# FACTS

The state charged appellant Craig Hargreaves with eight counts of first-degree criminal sexual conduct, four counts of third-degree criminal sexual conduct, three counts of furnishing a person under 21 years of age with alcohol or drugs, one count of fifth-degree controlled-substance crime, one count of aggravated first-degree witness tampering, and one count of first-degree witness tampering. Hargreaves pleaded guilty on June 19, 2009. The plea petition stated that appellant would receive a 144-month sentence based on a criminal-history score of less than one point. But the plea petition also stated that the sentence could increase if the pre-sentence investigation (PSI) revealed other convictions. The area labeled "conditional release" in the appendix to the plea petition was left blank.

A PSI filed on July 23, 2009 indicated that appellant's criminal-history score was five, resulting in a presumptive sentence of 306 months for first-degree criminal sexual conduct. The PSI also stated:

> You shall serve a maximum of one-third, or 102 months, of that time on supervised release and 10 years on conditional release, assuming you commit no disciplinary offense that may result in the execution of a disciplinary confinement period. In other words, if you commit a disciplinary offense in or out of prison, your actual time served in prison could be extended to the entire 306 months plus 10 years of conditional release time.

Following a change in legal counsel, appellant moved to withdraw his guilty plea on September 11, 2009. On September 22, 2009, the district court granted Hargreaves's

2

motion on the ground that the additional prison time violated the terms of the plea agreement.

On April 21, 2010, Hargreaves pleaded guilty to two counts of second-degree criminal sexual conduct, one count of gross misdemeanor furnishing alcohol to persons under age 21, one count of fifth-degree controlled-substance crime, and one count of first-degree witness tampering. The state dismissed the other counts against him. The plea petition stated that the prison time would be "143 mths max for 2 cts CSC." The area in the appendix next to "conditional release" was blank. Handwritten were the words "if presumptive over 143, Def. opportunity to withdraw." The second PSI also specifically referred to a ten-year conditional-release term for each count.

The sentencing hearing occurred on May 21, 2010. Hargreaves first indicated that he wanted to discharge his attorney and withdraw his plea. The district court denied Hargreaves's request because no motion had been filed. Hargreaves subsequently decided to retain his attorney. The district court sentenced Hargreaves on count one to "a period of 84 months; of that time period 56 months will be spent in actual custody of the Commissioner of Corrections; up to 28 months can be spent on supervised release; plus there's an additional 10 year conditional release period as well." On count two, the district court pronounced a sentence of "143 months; . . . of the 143 months you will spend 95 1/3 months in the custody of the Commissioner, and up to 47 2/3 months on supervised release in addition to a 10 year period of conditional release."

Hargreaves challenged the denial of his oral motion to withdraw his second guilty plea in a direct appeal to this court. *State v. Hargreaves*, No. A10-1611, 2011 WL

2672242 (Minn. App. July 11, 2011), *review denied* (Minn. Sept. 28, 2011). We affirmed the district court, concluding that Hargreaves's claims, including allegations of attorney misconduct and judicial bias, were unsupported by the record. *Id.* at *2.

On March 29, 2012, the district court corrected the sentence on count 2 to 142 months based on the sentencing guidelines. Approximately four months later, Hargreaves (1) moved the district court to correct his sentence with regard to withdrawing his plea or in the alternative to be sentenced in accordance with the guidelines and (2) re-asserted his former claim of attorney misconduct. The district court denied the motions, and Hargreaves did not appeal.

Hargreaves subsequently received a memorandum dated February 27, 2013, from the records management supervisor at the Minnesota Correctional Facility in Stillwater, that informed him of the effect of *Cote v. Roy*, No. A11-727 (Minn. App. Nov. 15, 2011) (order op.), *review denied* (Minn. Jan. 25, 2012), on his sentence. It indicated that a "conditional release does not start until after the offender's sentence is served," which meant "conditional release terms for predatory offender commitment offenses and sex-related offenses must be served consecutively to the expiration of the sentence imposed."

On January 12, 2015, Hargreaves petitioned for postconviction relief on the ground that his guilty plea was invalid because he had never agreed to the imposition of consecutive conditional-release terms and had not agreed to a fine as part of the plea petition. Hargreaves based his petition on the Minnesota Department of Corrections' interpretation of *Cote v. Roy* in the memorandum. Hargreaves asserted that he would not

4

have pleaded guilty had he known that his sentence could extend beyond 143 months. In addition, Hargreaves asserted ineffective assistance of counsel.

The state responded by arguing that the petition is untimely. The 2013 decision referenced in Hargreaves's petition was actually *Cote v. Roy*, which was decided on November 14, 2011. Because the case was decided in 2011, the petition for postconviction relief was untimely. Addressing the merits of Hargreaves's claim, the state contended that the district court adequately advised Hargreaves of the ten-year conditional-release terms at sentencing.

The postconviction court denied Hargreaves's petition without a hearing on the grounds that it is untimely under Minn. Stat. § 590.01, subd. 4 (2014) and does not meet any exception to the two-year time limit and because his claim of ineffective assistance of counsel is meritless. This appeal follows.

**D E C I S I O N**

Hargreaves argues that the postconviction court erred by denying his petition without a hearing on the ground that it is untimely under Minn. Stat. § 590.01, subd. 4.

Minn. Stat. § 590.01, subd. 4 provides, in relevant part:

> (a) No petition for postconviction relief may be filed more than two years after the later of:
> (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or
> (2) an appellate court's disposition of petitioner's direct appeal.
>
> (b) Notwithstanding paragraph (a), a court may hear a petition for postconviction relief if:
> . . . .

5

(3) the petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States Supreme Court or a Minnesota appellate court and the petitioner establishes that this interpretation is retroactively applicable to the petitioner's case;

. . . .

(5) the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.

A postconviction petition that fails to comply with the statute must be dismissed. *Stewart v. State*, 764 N.W.2d 32, 34 (Minn. 2009). We review the postconviction court's denial of Hargreaves petition for abuse of discretion. *Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013).

Before the postconviction court, Hargreaves argued that his petition is timely under the exceptions listed under Minn. Stat. § 590.01, subd. 4(b), based on his assertion of a new interpretation of law retroactively applicable to his case and because he has brought a non-frivolous petition that should be allowed in the interests of justice. The postconviction court denied his petition on the grounds that it was filed outside of the two-year time limit and it does not meet any of the exceptions.

The postconviction court found that Minn. Stat. § 609.3455, subd. 6 (2008), which makes ten-year conditional-release terms mandatory for Hargreaves's sentence, "was clear on its face and in effect at the time of [Hargreaves's] sentencing." It also found that Hargreaves based his petition on this court's interpretation of Minn. Stat. § 609.3455, subd. 6 in *State ex rel. Peterson v. Fabian*, 784 N.W.2d 843 (Minn. App. 2010), which was issued on June 29, 2010. Hargreaves filed his direct appeal to this court on September 14, 2010—after *Peterson* was decided. Thus, the postconviction court

6

reasoned that Hargreaves's argument is not properly based on a new interpretation of statutory law under Minn. Stat. § 590.01, subd. 4(b)(3).

The postconviction court also found, contrary to Hargreaves's contention, that Hargreaves was apprised of the ten-year conditional-release terms at sentencing. Further, the postconviction court understood Hargreaves's argument to be that his executed sentence, coupled with the absence of the conditional-release terms in the appendix to the plea agreement, misled him. But the postconviction court noted that Hargreaves did not request withdrawal of his plea on those grounds to the district court when he had the opportunity to do so at the sentencing hearing or on direct appeal. The postconviction court therefore concluded that Hargreaves's petition does not meet the interests-of-justice exception to the two-year time limit for filing a petition for postconviction relief. Minn. Stat. § 590.01, subd. 4(b)(5).

On appeal, Hargreaves narrows his argument to the interests-of-justice exception to the two-year time limit for filing a postconviction petition. *See id.* The supreme court has decided that the interests-of-justice exception only applies in "exceptional situations." *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010). A petition is frivolous under the interests-of-justice exception "if it is perfectly apparent, without argument, that the petition is without merit." *Id.* The interests-of-justice language from the exception refers to the reason that the petition is filed after the two-year time limit in Minn. Stat. § 590.01, subd. 4(a). *Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012).

> When the only injustice claimed is identical to the substance of the petition, and the substance of the petition is based on something that happened before or at the time a conviction

7

> became final, the injustice simply cannot have caused the petitioner to miss the 2-year time limit . . . and therefore is not the type of injustice contemplated [by the exception.]

*Id.* Stated differently, to satisfy that exception, "a claim must have substantive merit and the defendant must not have deliberately and inexcusably failed to raise the issue on direct appeal." *Gassler*, 787 N.W.2d at 586 (citing *Deegan v. State*, 711 N.W.2d 89, 93-94 (Minn. 2006)).

Hargreaves contends that his petition has substantive merit because the district court made him an unqualified promise that his sentence would not exceed 143 months, and that promise was broken when he received the February 27, 2013 memorandum from the correctional facility notifying him that his mandatory conditional-release term would run consecutive rather than concurrent to his executed prison sentence. Hargreaves argues that the effect of this information changed the length of his sentence to exceed 143 months. He also claims that he could not have raised the issue earlier because he was not notified that his mandatory ten-year conditional-release terms run consecutive to his prison sentences until he received the memorandum. We disagree.

A criminal defendant does not have an absolute right to withdraw a guilty plea. *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn. 2004). But a district court "must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. If a plea is not accurate, voluntary, and intelligent, a manifest injustice exists. *Rhodes*, 675 N.W.2d at 326. "A guilty plea is involuntary when it rests in any significant degree on an unfulfilled or unfulfillable promise, including a promise of a

8

sentence unauthorized by law." *Uselman v. State*, 831 N.W.2d 690, 693 (Minn. App. 2013) (quotations omitted). If a conditional-release term that exceeds the maximum executed sentence agreed to in the plea agreement is added to a defendant's sentence without the defendant's knowledge, the plea was unintelligently made. *Id.*

Hargreaves argues that this case is like *Uselman*, because the district court made him a promise that his sentence would not exceed 143 months and then broke it. The state contends that this case is more like *Rhodes* because there was no promise that a conditional-release term would not apply and Hargreaves was given notice of the mandatory consecutive conditional-release term. In *Uselman*, we concluded that the defendant was entitled to withdraw his guilty plea on the ground that it was not knowing and voluntary because it was based on a plea petition that contained a handwritten "N/A" in the blank space addressing the conditional-release term. 831 N.W.2d at 693-94. We distinguished *Uselman* from *Rhodes*, where the plea agreement was silent on whether a conditional-release term would be imposed. *Id.* at 693.

> The district court could infer [in *Rhodes*] that the defendant had understood all along that the conditional release term was a part of his plea bargain because it was mandatory, it was not mentioned in any plea petition, and the defendant failed to object to the presentence report's recommendation, the state's request at sentencing, or the court's imposition of the sentence, each of which included the conditional release period.

*Id.*

Here, the facts are nearly identical to those in *Rhodes*. The application of the ten-year conditional-release terms was mandatory. The district court unambiguously

9

informed Hargreaves at the sentencing hearing that it was imposing mandatory conditional-release terms for both counts of second-degree criminal sexual conduct that were "additional" or "in addition to" his executed prison sentences. Both PSIs recommended conditional-release terms, registration as a predatory offender, and a DNA test (all of which were statutorily mandated terms). And the district court's order for Hargreaves's warrant of commitment for both counts stated, "Conditional release after confinement has been set at 10 years." Hargreaves could have objected to the conditional-release terms at the sentencing hearing or on appeal, but he did not. Therefore, Hargreaves's postconviction petition is meritless.

Because Hargreaves's postconviction petition does not meet the interests-of-justice exception to the statutory time limit, the district court properly exercised its discretion by denying the petition as untimely.

**Affirmed.**