**STATE of Minnesota, Appellant,**

v.

**Johnnie Lee RHODES, Respondent.**

**No. C7–03–80.**

Supreme Court of Minnesota.

March 4, 2004.

Mike Hatch, Attorney General, St. Paul, MN, and Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for Appellant.

John M. Stuart, State Public Defender, Mark F. Anderson, Assistant Public Defender, Minneapolis, MN, for Respondent.

## OPINION

HANSON, Justice.

We are asked to extend the holding in *State v. Wukawitz*, 662 N.W.2d 517, 520 (Minn.2003), to allow a defendant to withdraw his guilty plea or the court to modify

the sentence where a mandatory conditional release term is not included in the maximum executed sentence described in the defendant's plea petition but the defendant is on notice of the state's intention to seek the term before sentencing and fails to object to its inclusion in the sentence. The court of appeals applied *Wukawitz* to hold that the plea was not intelligently entered and the sentence must be modified. We reverse.

Respondent Johnnie Lee Rhodes was charged with first-degree criminal sexual conduct under Minn.Stat. § 609.342, subd. 1(f)(i) and subd. 2 (1998). On May 19, 1999, pursuant to a plea agreement with the state, Rhodes pleaded guilty. The written plea petition reflected agreement to a maximum executed sentence of 105 months and made no reference to the mandatory conditional release period required of sex offenders by Minn.Stat. § 609.109, subd. 7(a) (1998). The conditional release term was not discussed at the plea hearing.

On June 8, 1999, the Presentence Investigation report was issued. Its face sheet included a reference to "Conditional Release: 5 Years" and it concluded with the following "Recommendation":

> It is the recommendation of this Officer that the Court accept the proposed plea negotiation and sentence the defendant to 105 months commitment to the Commissioner of Corrections with jail credit of 270 days. It is further the recommendation of this Officer that the defendant be ordered to pay restitution to the victim's family for their out-of-pocket expenses. As this is a sex offense, he is subject to the provision of a specimen for DNA analysis, registration as a convicted sex offender, and a five year Conditional Release period upon his release from custody.

At the sentencing hearing held on June 17, 1999, the state presented the plea agreement and specifically stated to the court that, "along with a prison sentence, Rhodes would be sentenced to a five-year period of conditional release." Neither Rhodes nor his counsel objected to this statement and, when later given an opportunity to speak, neither Rhodes nor his counsel made any statement concerning the plea agreement or the conditional release term. When the district court sentenced defendant, the court stated that Rhodes was subject to the 5–year conditional release term and said "so you'll be on the five-year conditional release after you get out of prison." The court then asked Rhodes if there were any questions or anything that the court had missed and Rhodes' counsel answered, "No, your Honor." The judgment roll included the 5–year conditional release term.

Three years later, on August 14, 2002, Rhodes filed a petition for postconviction relief, requesting that he be allowed to withdraw his guilty plea or that the conditional release term be reduced to the term of supervised release so that the conditional release term would not cause him to be subject to Department of Corrections' supervision longer than he would have been under a 105–month sentence. The postconviction court denied Rhodes' petition for relief because "[a]lthough the conditional-release term may have been absent in the plea petition itself, it was incorporated into Petitioner's sentence at the sentencing hearing as required by law." The court noted that "[t]here is no requirement that the conditional release term be mentioned prior to sentencing. Rather, the statute specifically requires it to be included in the sentence." The court concluded that Rhodes was aware of the 5–year conditional release term because it

> was specifically outlined in the presentence investigation, it was part of the

prosecutor's request at sentencing, both Petitioner and his attorney were present when the term was imposed by the Court, both Petitioner and his attorney were active participants at the hearing and Petitioner and his attorney were afforded the opportunity to object or inquire. All of this took place in open court with the Petitioner present.

In reaching its decision, the postconviction court relied upon an unpublished court of appeals opinion, *State v. Norris*, No. CX–01–1834, 2002 WL 485292, at *3 (Minn. App. April 2, 2002) (affirming the postconviction court's denial of defendant's motion to withdraw his guilty plea because defendant received notice of the conditional release term at the sentencing hearing and failed to object).

Rhodes appealed to the court of appeals, which held that the postconviction court abused its discretion by not modifying Rhodes' sentence. The court of appeals concluded that Rhodes "did not intelligently enter his plea because he did not know all the direct consequences of his plea." *Rhodes v. State*, No. C7–03–80, 2003 WL 21452143, at *4 (Minn.App. June 24, 2003). The court, mistakenly believing that Rhodes "does not ask to withdraw his guilty plea," granted Rhodes' alternative request that the "conditional release be modified so that it is concurrent and coterminous with his supervised release, but so that [Rhodes] would remain incarcerated until the normal supervised release date." *Id.* at *2, *4.

The court of appeals noted that different panels of the court of appeals have reached differing conclusions as to whether postconviction relief is appropriate under these circumstances. *Id.* at *3 n. 2 (citing *Buford v. State*, No. C4–01–2137, 2002 WL 31013691 at *3 (Minn.App. Sept.10, 2002) and *Norris*, 2002 WL 485292, at *2). We

granted the state's petition for further review.

■ We review a postconviction court's decision to deny relief under an abuse of discretion standard. *Dukes v. State*, 621 N.W.2d 246, 251 (Minn.2001). Determining what the parties agreed to in a plea bargain is a factual inquiry for the postconviction court to resolve. *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979). But interpretation and enforcement of plea agreements involve issues of law that we review de novo. *State v. Brown*, 606 N.W.2d 670, 674 (Minn.2000).

■ A criminal defendant does not have an absolute right to withdraw a guilty plea once it is entered. *Perkins v. State*, 559 N.W.2d 678, 685 (Minn.1997). Rather, Minn. R.Crim. P. 15.05, subd. 1, provides that "[t]he court shall allow a defendant to withdraw a plea of guilty upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." A manifest injustice exists if the plea is not accurate, voluntary and intelligent. *Perkins*, 559 N.W.2d at 688; *see also* ABA Standards for Criminal Justice, Pleas of Guilty 14–2.1.(b)(i)(c) (3d ed. 1999) (manifest injustice exists if "the plea was involuntary, or was entered without knowledge of the charge or knowledge that the sentence actually imposed could be imposed.").

In a series of seven cases, we have considered issues concerning the addition of the conditional release term after the sentence has already been imposed. *See Wukawitz*, 662 N.W.2d at 523–25 (discussing previous cases). In situations where the addition of the conditional release term would result in a sentence that exceeded the maximum executed sentence agreed to in the plea bargain, we have held that the addition of the conditional release term violates the plea agreement. *See, e.g., State v. Jumping Eagle*, 620 N.W.2d 42, 44

(Minn.2000). But in each of those cases, the conditional release term was not mentioned at the sentencing hearing or included in the initial sentence. *See, e.g., Wukawitz,* 662 N.W.2d at 529 ("Our holding is limited to those situations where the original sentence did not include conditional release and the imposition of such a term after the fact would violate the plea agreement.").

The state essentially advances two arguments in support of its contention that the present facts do not produce a manifest injustice and that Rhodes is not entitled to postconviction relief. First, the state argues that the postconviction court did not abuse its discretion in determining that Rhodes' plea was intelligent because Rhodes was aware of the conditional release term. Second, the state argues that because Rhodes did not object to the conditional release term or move to withdraw his guilty plea when the conditional release term was imposed at sentencing, he waived his right to claim that the addition of the conditional release term was a breach of the plea agreement.

Rhodes argues that his decision to plead guilty was not intelligent because he was not informed about the mandatory period of conditional release at the time that he entered his guilty plea. Rhodes argues that the focus in ascertaining the validity of a guilty plea should be on what the defendant knew at the time he decided to plead guilty, not what he may have subsequently learned from the presentence investigation report or at the sentencing hearing.

We agree with the state that the postconviction court did not abuse its discretion in determining that Rhodes' plea was intelligently made. First, at both the time of his plea and of sentencing, Rhodes was on notice that the conditional release term for sex offenders was mandatory and could not be waived by the district court. The statutory requirement of a conditional release term was added in 1992, years before Rhodes entered his plea. Second, we recognized the mandatory nature of conditional release terms in *State v. Humes,* 581 N.W.2d 317, 319 (Minn.1998), and *State v. Garcia,* 582 N.W.2d 879, 881 (Minn.1998). Those decisions were issued on July 9, 1998, 10 months before Rhodes pleaded guilty on May 19, 1999. Third, the postconviction court could infer from Rhodes' failure to object to the presentence investigation's recommendation, the state's request at the sentencing hearing and the court's imposition of the sentence, that Rhodes understood from the beginning that the conditional release term would be a mandatory addition to his plea bargain. This third factor materially differentiates this case from *Wukawitz* and the precedent on which it relies. It also disproves any claim that Rhodes might make that the state had promised to recommend a sentence that did not include a conditional release term.

We need not reach the state's alternative argument on waiver. We reverse the decision of the court of appeals and affirm the district court's denial of postconviction relief.

Reversed.

ANDERSON, RUSSELL A., Justice, (dissenting).

I respectfully dissent. In my view, the majority opinion has disregarded essential and elementary constitutional principles surrounding the district court's acceptance of a plea of guilty when that plea is made pursuant to a plea agreement that provides that the guilty plea may be withdrawn if the district court does not sen-

tence in accordance with the agreement.[1] The plea agreement in this case, promised by the prosecutor and agreed to by the court, allowed Rhodes to withdraw his guilty plea if the sentence exceeded 105 months of confinement.

Before accepting a plea of guilty, the district court must assure through advice and inquiry that the defendant understands the nature of the charge and the consequence of the plea, including any sentencing provisions, and the relinquishment of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When a defendant enters a plea of guilty based upon a promise or agreement, the court must assure that the promise is fulfilled or the defendant be allowed to withdraw his plea. *Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *see also State v. Wukawitz*, 662 N.W.2d 517, 526 (Minn.2003). Allowing the state to breach a promise that induced a guilty plea violates due process. *State v. Brown*, 606 N.W.2d 670, 674 (Minn.2000). "The tender of a guilty plea, once accepted by a court, 'is and must be a most solemn commitment.'" *Wukawitz*, 662 N.W.2d at 526 (quoting *Chapman v. State*, 282 Minn. 13, 16, 162 N.W.2d 698, 700 (1968)).

In this case, the promise made by the prosecuting attorney to Rhodes was recited in the Rule 15 petition, and further clarified during the plea hearing. The Rule 15 petition, which Rhodes signed and said he understood, provided:

I have been told by my attorney and understand: That my attorney discussed this case with one of the prosecuting attorneys and they agreed that if I entered a plea of guilty, the prosecutor will do the following: (Give substance of plea agreement)

P[lead] to charge, 120 months

C[ourt] has said 105.

The prosecutor clarified that in return for Rhodes' plea of guilty, the prosecutor promised to recommend the sentence that the district court had agreed to impose during in-chambers plea discussions, noting:

[T]he State had originally, in terms of the negotiations in this matter offered 120 months. However, during the process of discussion with the Court in chambers, the Court had offered 105 months—or that is actually what Mr. Schnech [defense counsel] caused the Court to agree to—and where we are at this point, the State would indicate that we would not in any way be opposed to that and would be going along with 105 months.

No one, not even the majority, contends that the addition of 60 months of conditional release was a part of the sentence that the prosecutor promised to recommend and the district court agreed to impose in the plea agreement. Absent withdrawal of the plea agreement, the prosecutor is bound to keep the promise he made and to recommend to the court a sentence that does not exceed the sentence agreed to in that agreement. *Santobello*, 404 U.S. at 262, 92 S.Ct. 495. The prosecutor's failure to do so constitutes a violation of due process. *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir.1996).

---

1. We have recognized that some plea agreements contemplate recommendations by the parties without binding the court to a specific sentence and that in such cases the court's failure to follow the recommendation does not violate due process. *State v. Wukawitz*, 662 N.W.2d 517, 522 n. 3 (Minn.2003). That is not the case here, however, for Rhodes' plea was made pursuant to an agreement providing for a sentence of 105 months, which, if not followed, would permit withdrawal of the plea.

Minnesota Rule of Criminal Procedure 15.01(12) requires the court to ask the defendant "[w]hether defense counsel has told the defendant and the defendant understands that if the court does not approve the plea agreement, the defendant has an *absolute* right to withdraw the plea of guilty and have a trial." (Emphasis added.) As the commentary to Rule 15 indicates, "[w]henever the court rejects the plea agreement, whether on tender of plea or after receipt of the pre-sentence report, or after plea, the court shall so inform the defendant and give the defendant an opportunity to affirm or withdraw the plea, if entered." Minn. R.Crim. P. 15 cmt. Here, the district court accepted Rhodes' plea of guilty pursuant to a plea agreement which provided "that if the court does not approve this agreement I have an absolute right to then withdraw my plea of guilty and have a trial." The plea agreement, which the district court expressly facilitated and agreed to, provided that Rhodes would be sentenced to a term of imprisonment not to exceed 105 months and provided Rhodes the opportunity to withdraw his guilty plea if the court intended to exceed that sentence.

Under these circumstances, when the district court accepted Rhodes' guilty plea, the court was bound by the plea agreement that induced the plea and its sentence could not exceed the sentence provided for in the plea agreement. *State v. Jumping Eagle*, 620 N.W.2d 42, 44–45 (Minn.2000); *State v. Garcia*, 582 N.W.2d 879, 882 (Minn.1998). "It is well settled that an unqualified promise which is part of a plea arrangement must be honored or else the guilty plea may be withdrawn." *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979). If the district court did not intend to follow the plea agreement, the court should have notified Rhodes and allowed him to withdraw his guilty plea or accept, following supplemental Rule 15 advice and inquiry, the sentencing modifications the court intended to impose.

Never before have we said, as the majority does today, that a prosecutor can violate the plea agreement by recommending a sentence greater than he agreed to recommend in the plea agreement; and never before have we said, as the majority does today, that the district court is allowed to impose a sentence greater than the sentence provided for in a plea agreement which allows withdrawal of the guilty plea if the court intends to sentence in excess of the agreed sentence.

If the prosecutor intends to recommend a sentence greater than the sentence he promised to recommend in the plea agreement, or if the district court intends to impose a greater sentence than that promised in the plea agreement, both the prosecutor and the district court must inform the defendant of their intent and, as promised in the plea agreement, allow withdrawal of the guilty plea. *Kochevar*, 281 N.W.2d at 687. A defendant, particularly a 17–year–old juvenile like Rhodes, who enters a guilty plea pursuant to an agreement providing for a maximum sentence or plea withdrawal, should be entitled to rely upon the prosecutor and the district court to honor the agreement, or else permit him to withdraw his plea.

Finally, the majority would "infer" that Rhodes knew that an additional 60 months of conditional release was part of the plea agreement. Such an inference, however, is not permitted because both the U.S. Constitution and Rule 15 require a precise inquiry into the defendant's understanding of the terms of the plea agreement in order to assure that the plea is voluntary and not induced by false promises. *See* U.S. Const. amends.V, XIV; Minn. R.Crim. P. 15 (state equivalent of Fed. R.Crim.P. 11); *Boykin*, 395 U.S. at 243–44,

330

89 S.Ct. 1709; *McCarthy v. United States*, 394 U.S. 459, 464, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (construing Fed. R.Crim.P. 11). A plea agreement providing for 105 months of confinement cannot be interpreted, by inference on a silent record, to include an additional 60 months of conditional release.

I would reverse and remand as required by our decision in *State v. Wukawitz*.