*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1338**

Anthony Lenard Vinegar, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 27, 2015
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-04-082709

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from the denial of his postconviction petition as untimely, appellant argues that (1) his petition should be treated as a motion to correct his sentence under

Minn. R. Crim. P. 27.03, subd. 9, and, therefore, it is not subject to the two-year time bar for postconviction relief; and (2) his ten-year conditional-release term should be vacated because it violates his plea agreement. We affirm.

**FACTS**

Pursuant to a plea agreement that included dismissal of some charges and an agreement by the state not to charge other offenses, appellant Anthony Lenard Vinegar pleaded guilty to one count of third-degree criminal sexual conduct and one count of failure to register as a predatory offender. At his March 17, 2005 plea hearing, Vinegar acknowledged that after completing his term in prison, he would be subject to a ten-year conditional-release term. The prosecutor explained that under the terms of the plea agreement, Vinegar expected to receive a guidelines sentence of 88 months. Vinegar signed a plea agreement form that stated he expected a "guideline sentence to [third-degree criminal sexual conduct]" and a "10 year conditional release period." At the hearing, Vinegar agreed that his attorney had explained the conditional-release term and that he understood it.

Vinegar was sentenced on April 29, 2005. At the sentencing hearing, the district court imposed a sentence of 78 months for the third-degree criminal-sexual-conduct conviction and a concurrent 17-month sentence for the failure-to-register conviction. The court did not include the ten-year conditional-release term.

On May 26, 2005, the district court issued an order amending Vinegar's sentence to include the ten-year conditional-release term, stating that it "was overlooked" at the sentencing hearing. The district court held a hearing on June 30, 2005, and advised

Vinegar, who had been brought to court, that his sentence was corrected to include the ten-year conditional-release term.

On July 10, 2013, Vinegar filed a pro se postconviction petition, alleging that his sentence was unauthorized because (1) it represented an unlawful delegation of legislative authority to the commissioner of corrections; (2) the sentence exceeded the presumptive guidelines sentence; (3) a conditional-release term cannot be imposed for a third-degree criminal-sexual-conduct conviction; (4) he has been discharged and his sentence was terminated so that he is no longer subject to supervision; and (5) his right to freedom of conscience has been violated.

The district court denied Vinegar's petition, concluding that it was time-barred under the postconviction statute. The district court also ruled that Vinegar's petition was meritless and that he "failed to present sufficient facts to warrant an evidentiary hearing." This appeal followed.

## D E C I S I O N

An offender may challenge a sentence by filing a petition for postconviction relief or a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9. *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014); *Vasquez v. State*, 822 N.W.2d 313, 317 (Minn. App. 2012). Vinegar asks this court to construe his claim to be a rule 27.03 motion to correct an unauthorized sentence, rather than a postconviction petition.

We review postconviction decisions for an abuse of discretion. *Davis v. State*, 784 N.W.2d 387, 390 (Minn. 2010). We review the denial of a rule 27.03 motion to determine whether "the district court's discretion has been properly exercised and the

3

sentence is authorized by law." *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011) (quotations omitted), *review denied* (Minn. Apr. 27, 2011). A sentence is not authorized by law if it is contrary to applicable statutes or caselaw. *Washington*, 845 N.W.2d at 213.

A postconviction petition must be brought within two years after the judgment of conviction becomes final, subject to certain exceptions that do not apply here. Minn. Stat. 590.01, subd. 4(a)(1) (2014). Vinegar was sentenced on April 29, 2005, and his sentence was amended on May 26, 2005. Vinegar's conviction became final in August 2005, because he did not file an appeal or petition for certiorari. *See Spears v. State*, 725 N.W.2d 696, 700 (Minn. 2006) (stating that a case is pending until the time for direct appeal and a petition for certiorari has lapsed). Thus, if we view Vinegar's claim as a postconviction petition, it is time-barred under Minn. Stat. § 590.01, subd. 4(a).

The postconviction statute provides that it "takes the place of any other . . . remedies which may have been available for challenging the validity of a . . . *sentence . . .* and must be used exclusively in place of them *unless it is inadequate or ineffective to test the legality of the . . . sentence.*" Minn. Stat. § 590.01, subd. 2 (2014) (emphasis added). Under Minn. R. Crim. P. 27.03, subd. 9, "[t]he court may at any time correct a sentence not authorized by law."

Although rule 27.03, subdivision 9, "does not expressly authorize a party to file a motion to correct a sentence[,] . . . the supreme court has not prevented parties from invoking the rule by motion." *Washington*, 845 N.W.2d at 210. A motion to correct a sentence under rule 27.03, subdivision 9, is not subject to the same time limitations as a

4

postconviction petition and may be made at any time. *Id.* at 211. But a motion to correct a sentence is strictly limited to the question of whether a sentence is not authorized by law. *See Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011) (noting that a challenge to a conviction may not be brought under rule 27.03, subdivision 9, which is limited to sentencing issues). Thus, in order for Vinegar to avoid the timeliness limitations of Minn. Stat. § 590.01, subd. 4(a), and prevail on a motion under rule 27.03, subdivision 9, he must demonstrate that his sentence was not authorized by law.

When Vinegar was convicted in 2005, Minn. Stat. § 609.109, subd. 7(a) (2004), stated that the district court "shall provide that after the person [convicted of third-degree criminal sexual conduct] has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release." If the offender had a prior criminal-sexual-conduct conviction, including a conviction for third-degree criminal sexual conduct, the conditional-release term would be for ten years. *Id.* Vinegar was convicted of third-degree criminal sexual conduct in 1996. Thus, the ten-year conditional-release term imposed on Vinegar was authorized by statute. In fact, the district court corrected its sentencing order in 2005 because by omitting the mandatory conditional-release term, it had imposed a sentence not authorized by law.

Vinegar argues that "[t]he addition of the ten-year conditional release term violated [his] understanding of the guilty plea agreement." In *State v. Wukawitz*, 662 N.W.2d 517, 525-26 (Minn. 2003), the supreme court concluded that when a conditional-release term is imposed after a defendant pleaded guilty pursuant to a plea agreement with a fixed upper limit of time to serve, the defendant must be permitted to withdraw the

5

guilty plea or have his sentence modified if the plea was induced by the promise of a maximum sentence. And this court has permitted a plea withdrawal when a defendant pleaded guilty after being assured that the mandatory conditional-release term did not apply. *Uselman v. State*, 831 N.W.2d 690, 693-94 (Minn. App. 2013). But in *State v. Rhodes*, the supreme court distinguished *Wukawitz*, noting that in *Rhodes* (1) the defendant was put on notice that a conditional-release term was mandatory and would be imposed; (2) the conditional-release term was required by law; and (3) the defendant did not object to imposition of the conditional-release term at sentencing. 675 N.W.2d 323, 327 (Minn. 2004). The supreme court noted that a later imposition of a conditional-release term can be the basis for withdrawal of a guilty plea only when "the original sentence did not include conditional release and the imposition of such a term after the fact would violate the plea agreement." *Id.* (quotation omitted).

Like the defendant in *Rhodes*, Vinegar was advised by his attorney while filling out his plea petition that he would be subject to a ten-year conditional-release term. During the plea hearing, defense counsel asked appellant, "Did I also tell you that the Court would be placing you or that by law you would be placed on, I believe, it would be ten years of conditional release after you finish your prison term?" Defense counsel then asked, "And you understand what that means, too?" Vinegar responded affirmatively to both questions. Unlike the defendants in *Uselman* and *Wukawitz*, Vinegar was fully advised about the mandatory conditional-release term, and it was part of his negotiated plea agreement.

6

Vinegar's postconviction petition was untimely and his sentence was authorized. The district court did not abuse its discretion by denying his petition under either the postconviction statute or rule 27.03, subdivision 9.

**Affirmed.**