**Peter Reat THONG, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**A16-1342**

Court of Appeals of Minnesota.

Filed March 20, 2017

---

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Lori Swanson, Attorney General, St. Paul, Minnesota; and Kristen Nelsen, Mower County Attorney, Scott K. Springer, Assistant County Attorney, Austin, Minnesota (for respondent).

Considered and decided by Hooten, Presiding Judge; Reilly, Judge; and Smith, Tracy M., Judge.

## OPINION

HOOTEN, Judge

In this appeal from the denial of his motion for postconviction relief, appellant argues that the postconviction court erred by concluding that the district court, when revoking appellant's probation and executing his sentence, had the authority to impose a conditional-release period not made part of his previously imposed but stayed sentence. We affirm.

## FACTS

In December 2012, appellant Peter Reat Thong was charged by complaint with one count of first-degree driving while impaired (DWI). On May 23, 2013, Thong first entered a not guilty plea, but later that same day reviewed with his attorney and signed a petition to enter a guilty plea. Thong did not submit the plea petition to the district court at that time.

On August 16, 2013, Thong submitted the signed plea petition to the district

court and pleaded guilty under a plea agreement with the state. Thong was represented by substitute counsel at the plea hearing. The plea petition provided that Thong would serve 180 days in jail, receive credit for time served, pay a fine, cooperate with the completion of a presentence investigation (PSI) report, and return for sentencing. The plea petition stated, "I have been told by my attorney and I understand ... [t]hat for felony driving while impaired offenses ... a mandatory period of conditional release will follow any executed prison sentence that is imposed. Violating the terms of this conditional release may increase the time I serve in prison." The plea petition continued, "In this case, the period of conditional release is 5 years." The numeral "5" was handwritten in the plea petition.

A PSI was completed, and it recommended that the district court stay execution of a 42-month sentence and place Thong on probation for 7 years. The PSI noted that "[s]hould [Thong] be committed to the [c]ommissioner of [c]orrections during his supervision, a five year conditional release applies to this offense," and Thong's attorney noted at the November 2013 sentencing hearing that he had received and reviewed a copy of the PSI. The district court sentenced Thong to 42 months, but stayed execution of the sentence for 7 years. The conditional-release period was not discussed at the sentencing hearing, and the sentencing order did not address the conditional-release period.

Approximately 14 months later, in January 2015, the district court revoked Thong's probation. The district court ordered execution of the 42-month sentence, but did not impose the mandatory conditional-release period. On that same day, the district court issued an amended warrant of commitment that included the conditional-release period. About one week la-

ter, the district court issued a probation revocation order, executing the 42-month sentence and stating that the sentence included a 5-year conditional-release period.

Thong filed a petition for postconviction relief, arguing that he was entitled to withdraw his guilty plea or have his sentence amended to remove the conditional-release period. After an evidentiary hearing, the postconviction court denied Thong's motion. This appeal followed.

## ISSUES

I. Did the district court violate Minn. Stat. § 609.14, subd. 3(2), by imposing a conditional-release period when it executed the previously stayed sentence?

II. Do Thong's pro se arguments contesting the validity of his plea and the accuracy of his criminal-history score have merit?

## ANALYSIS

Thong's petition for postconviction relief challenges the imposition of the conditional-release period at the time the district court executed his sentence. When direct appeal is unavailable, a convicted person claiming that his or her conviction is unconstitutional or unlawful may petition the district court to correct the person's sentence "or make other disposition as may be appropriate." Minn. Stat. § 590.01, subd. 1 (2014). Appellate review of a postconviction decision "is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003). However, issues of law are reviewed de novo. *Id.*

**I. Minn. Stat. § 169A.276, subd. 1(d), authorizes a district court to impose a conditional-release period when it executes a sentence.**

▮ Thong argues that the district court violated Minn. Stat. § 609.14, subd.

3(2) upon execution of his sentence by imposing a conditional-release period that was not imposed at the time his sentence was pronounced. We disagree.

 The interpretation of a statute is a question of law, which we review de novo. *State v. Noggle*, 881 N.W.2d 545, 547 (Minn.2016). A court's goal in interpreting a statute is to effectuate the intent of the legislature. *State v. Iverson*, 664 N.W.2d 346, 350 (Minn.2003). "The best method of divining legislative intent is by relying on the plain meaning of the statute." *Id.* at 350–51. An appellate court will look beyond the plain meaning of the statute only if the statute is ambiguous. *Id.* at 351.

The penalty for first-degree DWI includes "imprisonment for not more than seven years" and "the mandatory penalties described by section 169A.276." Minn. Stat. § 169A.24, subd. 2 (2012). Minn. Stat. § 169A.276, subd. 1(d), requires that a five-year conditional-release period be imposed "when the court commits a person [convicted of first-degree DWI] to the custody of the commissioner of corrections."

Minnesota law provides that, if a district court finds adequate grounds to revoke a defendant's probation and a sentence was previously imposed but execution of that sentence was stayed, the district court may "continue such stay and place the defendant on probation or order intermediate sanctions . . . or order execution of the sentence previously imposed." Minn. Stat. § 609.14, subd. 3(2).

Thong contends that section 609.14, subdivision 3(2), provides the district court with the exclusive consequences available after a defendant violates probation and that the district court did not choose one of the options outlined in the statute. Thong contends that instead of "order[ing] execution of the sentence previously imposed," Minn. Stat. § 609.14, subd. 3(2), the district court improperly ordered execution of an increased sentence by adding the conditional-release period.

 Thong's reading of section 609.14, subdivision 3(2), as prohibiting imposition of a conditional-release period upon execution of a previously stayed sentence is undermined by section 169A.276, subdivision 1(d). That statute provides that *"when the court commits a person [convicted of felony DWI] to the custody of the commissioner of corrections*, it shall provide that after the person has been released from prison the commissioner shall place the person on conditional release for five years." Minn. Stat. § 169A.276, subd. 1(d) (emphasis added). The statute does not define "commit" or "custody," but the dictionary definitions are not controversial. "Commit" is defined as "[t]o send (a person) to prison." *Black's Law Dictionary* 329 (10th ed. 2014). "Custody" is defined as "[t]he detention of a person by virtue of lawful process or authority." *Id.* at 467. Based on these definitions, a person is committed to the custody of the commissioner when the person's sentence is executed. Therefore, we conclude that Thong's reading of Minn. Stat. § 609.14, subd. 3(2), is incorrect.[1]

Moreover, to the extent that section 609.14, subdivision 3(2), appears to conflict with section 169A.276, subdivision 1(d), such a conflict would be resolved in favor of section 169A.276, subdivision 1(d). When there is an apparent conflict between two

1. We do not read Minn. Stat. § 169A.276, subd. 1(d), as prohibiting a district court from imposing a conditional-release period at the time it imposes a sentence but stays execution of that sentence. Indeed, we believe it is a better practice for district courts to pronounce a conditional-release period at the time the sentence is imposed but stayed to ensure that the defendant has notice of the conditional-release period.

provisions in the same or different laws, we first try to construe the provisions to give effect to both. Minn. Stat. § 645.26 (2016). If an irreconcilable conflict exists between two statutory provisions, the special provision prevails over the general provision, subject to an exception that is inapplicable here. *Id.* Therefore, the more particular provisions of Minn. Stat. § 169A.276, subd. 1(d), govern when a conditional-release period may be imposed.

We conclude that the postconviction court did not err by determining that the imposition of the conditional-release period at the time the district court executed the previously imposed sentence did not violate Minn. Stat. § 609.14, subd. 3(2).

## II. Thong's pro se arguments regarding the validity of his plea and his criminal-history score are without merit.

### A. Intelligence of Thong's Plea

■ Thong argues that his plea was not intelligently made because neither of the two lawyers who represented him told him about "the negative consequences of the deal," apparently referring to the fact that a mandatory conditional-release period applied to the offense. We disagree.

■ To be constitutionally valid, a guilty plea must be intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn.1997). The requirement that a guilty plea be intelligent "insures that the defendant understands the charges, his or her rights under the law, and the consequences of pleading guilty." *State v. Wukawitz*, 662 N.W.2d 517, 522 (Minn.2003) (quotation omitted). If a plea is not intelligent, manifest injustice occurs and the plea may be withdrawn. *Perkins*, 559 N.W.2d at 688.

Minnesota courts have consistently held that "when a defendant is informed of a possible conditional-release term before sentencing, even if that term is not in the plea agreement or sentence, the defendant has sufficient notice of the consequences of the plea and the plea will be considered to have been voluntary and intelligent." *Kubrom v. State*, 863 N.W.2d 88, 93 (Minn. App.2015); *see also State v. Calmes*, 632 N.W.2d 641, 647–48 (Minn.2001) (providing that defendant was "on notice that a statute required that he serve a conditional release term" when term was added and subsequently removed from his sentence); *Oldenburg v. State*, 763 N.W.2d 655, 659 (Minn.App.2009) (concluding that addition of conditional-release period did not violate plea agreement where plea agreement did not prescribe definite sentence and defendant was on notice of conditional-release period because it was included in plea petition).

The present case is similar to *State v. Rhodes*, where the defendant petitioned to withdraw his guilty plea on the ground that he was unaware of the mandatory conditional-release period when he pleaded guilty. 675 N.W.2d 323, 327 (Minn.2004). The supreme court concluded in that case that the district court did not abuse its discretion in determining that the defendant's plea was intelligent. *Id.* The supreme court reasoned that the defendant was on notice of the conditional-release period because it was included in the PSI, the district court referred to it when pronouncing the defendant's sentence, and it had been a statutory requirement for years before the defendant entered his plea. *Id.*

Here, Thong was on notice of the conditional-release period because the plea petition, which Thong signed, stated that a mandatory conditional-release period of five years applied to his offense. Both of Thong's attorneys went through the plea petition with him. Although it was unclear from the testimony at the evidentiary

hearing which attorney wrote the numeral "5" in the paragraph of the plea petition regarding the applicable conditional-release period, the postconviction court found that one of the attorneys wrote the numeral. And, each attorney testified that if he wrote the conditional-release period in the blank, he would have explained to Thong that a conditional-release period would be imposed if the sentence was ever executed.

The PSI also indicated that a five-year conditional-release period would apply if the stayed sentence were to be executed. Additionally, Thong pleaded guilty more than a decade after a five-year conditional-release period became a mandatory penalty for felony DWI. *See* 2001 Minn. Laws 1st Spec. Sess. ch. 8, art. 11, §§ 8 at 2115–16; 17 at 2120 (adding Minn. Stat. § 169A.276 and providing effective date of August 1, 2002). We conclude that the district court properly determined that Thong's plea was intelligent.

### B. Accuracy of Thong's Plea and Criminal-History Score

Thong argues that his plea was not accurate because his alcohol concentration was 0.016, which is under the legal limit. Thong also argues that his criminal history is inaccurate, which improperly increased his criminal-history score. However, because Thong did not raise either of these arguments to the postconviction court, we need not consider them. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) ("[Appellate courts] generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure.").

Even if we did consider these arguments, they are without merit. Thong's argument that his alcohol concentration was 0.016 rather than 0.16 stems from a typographical error in the PSI. Further,

Thong admitted at the plea hearing that his breath sample indicated an alcohol concentration of 0.16, which was over the legal limit. And, even if we accepted Thong's unsupported assertion that his criminal-history score is inaccurate, the disputed offense had no impact on Thong's criminal-history score. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn.App.2006) ("An assignment of error in a brief based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection." (quotation omitted)), *aff'd on other grounds*, 728 N.W.2d 243 (Minn.2007).

### DECISION

Because Minn. Stat. § 609.14, subd. 3(2), does not prohibit a district court from imposing a previously unpronounced conditional-release period mandated by Minn. Stat. § 169A.276, subd. 1(d), when the district court executes a stayed sentence and Thong's plea was intelligent, the postconviction court properly denied Thong's petition for relief.

**Affirmed.**