*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1152**

Alan Joseph Zakrajshek, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 8, 2024
Affirmed
Larkin, Judge**

St. Louis County District Court
File No. 69VI-CR-21-1114

Barry S. Edwards, Max A. Keller, Keller Law Offices, Minneapolis, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kimberly J. Maki, St. Louis County Attorney, Aaron Welch, Assistant County Attorney, Duluth, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Ross, Judge; and Larkin, Judge.

**NONPRECEDENTIAL OPINION**

**LARKIN**, Judge

Appellant challenges the postconviction court's denial of his request for plea withdrawal. We affirm.

# FACTS

In 2021, respondent State of Minnesota charged appellant Alan Joseph Zakrajshek with two counts of first-degree criminal sexual conduct based on allegations that he engaged in sexual intercourse with a 14-year-old child when he was approximately 32-years-old.

On February 14, 2022, Zakrajshek pleaded guilty to one count of first-degree criminal sexual conduct. The state dismissed a second count of first-degree criminal sexual conduct and agreed to a sentencing cap of 144 months, which was the low end of the presumptive sentencing range under the Minnesota Sentencing Guidelines. The parties agreed that Zakrajshek would have the opportunity to argue for a downward departure at sentencing.

When Zakrajshek tendered his guilty plea, he testified that he had sufficient time to discuss his case with his attorney, that he was satisfied with his attorney's representation, and that his attorney had fully informed him of all the facts. Although Zakrajshek did not file a plea petition during his plea hearing, he acknowledged on the record that he had fully reviewed the contents of a petition with his attorney. Zakrajshek acknowledged that he and his attorney had "gone through" a petition to enter a plea of guilty in a felony case; that he and his attorney discussed "each and every one" of the 28 items on that petition; that he understood the offense to which he was pleading guilty; that he was pleading guilty voluntarily; and that he understood he was giving up his constitutional rights to a jury trial, the presumption of innocence, the requirement of proof beyond a reasonable doubt, the

right to remain silent or testify, the right to cross-examine witnesses, and the right to challenge the state's evidence.

The district court indicated that the parties could proceed with the understanding that the petition had to be filed before sentencing. The district court found that there was a sufficient factual basis for Zakrajshek's guilty plea and deferred acceptance of his plea pending the court's receipt of a pre-sentence investigation (PSI) and sentencing worksheet.

On February 22, Zakrajshek filed his plea petition with the district court. The postconviction court would later find that the petition contained "a number of check marks and circles[,] which seem[ed] to indicate that someone had methodically gone through [it]." On April 20, 2022, the PSI was filed with the district court. The PSI recommended that Zakrajshek be informed of a statutorily required ten-year conditional-release period.

On April 29, 2022, the district court held Zakrajshek's sentencing hearing. Zakrajshek's attorney informed the district court that he had reviewed the PSI with Zakrajshek and that they did not have any factual objections to it. Zakrajshek's attorney argued for a downward sentencing departure and requested 90 months' imprisonment instead of 144 months. Zakrajshek addressed the district court at sentencing. He did not indicate that he did not understand any of his rights or that he had any questions regarding his attorney's representation or the terms of the plea bargain. The district court denied Zakrajshek's request for a 90-month sentence and imposed a 144-month sentence, consistent with the plea agreement. In pronouncing the sentence, the district court expressly included a ten-year conditional-release period.

In February 2023, Zakrajshek petitioned for postconviction relief, asking the postconviction court to vacate his judgment of conviction and his sentence, asserting that he was denied his constitutional right to effective assistance of counsel. Specifically, he claimed that he received ineffective assistance of counsel in the plea and sentencing proceedings and that his plea was invalid. The same judge who had presided over Zakrajshek's plea and sentencing hearings presided over his postconviction proceeding. The postconviction court granted Zakrajshek's request for an evidentiary hearing on his petition.

At the ensuing evidentiary hearing, Zakrajshek testified that he never reviewed his plea petition with his trial attorney prior to the plea hearing. He further testified that his attorney told him to lie to the district court regarding his review of the petition. Zakrajshek also testified that he signed his petition to plead guilty eight days after his plea hearing and that he did not read the petition. Zakrajshek testified that he thought he had a "50/50 chance" of receiving probation. However, he acknowledged that he knew that a departure was only a possibility and that his attorney never advised him that he would not be sent to prison. He also testified that he would not have pleaded guilty if he knew he would receive 144 months in prison as opposed to 96 months.

Zakrajshek did not subpoena the attorney who represented him at the plea and sentencing hearings. His attorney at the postconviction hearing informed the court that he did not intend to call that attorney because he did not believe the attorney's testimony would be favorable. Thus, Zakrajshek was the only witness at the postconviction hearing.

4

The postconviction court denied Zakrajshek's request for relief after concluding that Zakrajshek had "not established by a fair preponderance of the evidence that [his attorney] failed to provide effective representation or that such failure would have changed the outcome." The postconviction court reasoned that Zakrajshek's assertion that his attorney failed to adequately inform him of his constitutional rights was not supported by the record. The postconviction court noted that Zakrajshek's inconsistent testimony at the plea and postconviction hearings indicated that Zakrajshek was "asking the [c]ourt to believe he lied to the [c]ourt in his previous submissions and is now telling the truth," which the postconviction court was "disinclined to do." The postconviction court further reasoned that Zakrajshek did not provide "any evidence regarding how [his lawyer's] arguments at the sentencing hearing fell below the standard of effective representation in regard to a durational departure, and given the facts, there was no basis on which the [c]ourt would have granted such a departure."

Zakrajshek appeals.

## DECISION

Under Minnesota's postconviction statutes, a person convicted of a crime may seek relief by filing a petition claiming that the conviction "violated the person's rights under the Constitution or laws of the United States or of the state." Minn. Stat. § 590.01, subd. 1(1) (2022). "The person seeking postconviction relief bears the burden of establishing by a preponderance of the evidence that his claims merit relief." *Crow v. State*, 923 N.W.2d 2, 10 (Minn. 2019).

We review the denial of a postconviction petition for an abuse of discretion. *Colbert v. State*, 870 N.W.2d 616, 621 (Minn. 2015). In doing so, we review legal issues de novo and factual findings for clear error. *Id.* A postconviction court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted).

## I.

Zakrajshek contends that he was entitled to postconviction relief because he received ineffective assistance of counsel at the plea and sentencing phases of the underlying proceeding.

To demonstrate ineffective assistance of counsel, a defendant must satisfy a two-part test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Peltier v. State*, 946 N.W.2d 369, 372 (Minn. 2020) (citing *Strickland*, 466 U.S. at 687). First, the defendant must show that "counsel's performance was deficient." *Strickland*, 466 U.S. at 687. To meet this standard, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, "the defendant must show that [counsel's] deficient performance prejudiced the defense." *Id.* at 687. Although the Supreme Court

> discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.

*Id.* at 697.

6

Zakrajshek argues that his attorney's representation fell below an objective standard of reasonableness because counsel allegedly failed to explain his rights to him. Specifically, Zakrajshek argues that counsel did not show him his petition to plead guilty or explain the waiver of rights contained therein until eight days after he tendered his guilty plea to the court.

At the postconviction hearing, Zakrajshek testified that he did not review the plea petition with trial counsel, that he signed the petition after the hearing without reading it, and that he would not have pleaded guilty if he knew he would be sentenced to 144 months, and not 96 months. But Zakrajshek acknowledged that a shorter sentence was only a possibility, that prison was also a possibility, and that his attorney never told him that he would not be sent to prison.

The postconviction court specifically found that Zakrajshek's testimony in support of his request for relief was not credible, noting that it was inconsistent with his testimony at the plea hearing. If a defendant makes inconsistent statements regarding the validity of his guilty plea, then "credibility determinations are crucial, [and] a reviewing court will give deference to the primary observations and trustworthiness assessments made by the district court." *State v. Aviles-Alvarez*, 561 N.W.2d 523, 527 (Minn. App. 1997), *rev. denied* (Minn. June 11, 1997).

Because Zakrajshek's testimony at the postconviction and plea hearings was inconsistent, deference to the postconviction court's credibility determinations is appropriate. In fact, deference is especially appropriate here because the same judge presided over Zakrajshek's plea, sentencing, and postconviction hearings. Thus, we defer

to the postconviction court's determination that Zakrajshek's testimony in support of his ineffective-assistance-of-counsel claim was not credible. And because Zakrajshek proffered no other evidence to support his assertion that trial counsel's representation during the plea phase was objectively unreasonable, he failed to satisfy the first part of the *Strickland* test. *See Griffin v. State*, 941 N.W.2d 404, 409 (Minn. 2020) (concluding that the defendant had not satisfied the first part of *Strickland* because "[h]e presented no evidence to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness other than his own testimony, and the district court did not clearly err by finding that his testimony lacked credibility").

Zakrajshek also argues that his attorney's sentencing argument for a downward departure fell below an objective standard of reasonableness. The Minnesota Sentencing Guidelines limit the sentencing court's discretion by prescribing a sentence or range of sentences that is "presumed to be appropriate." Minn. Sent'g Guidelines 2.D.1 (Supp. 2021). The district court "must pronounce a sentence . . . within the applicable prison range . . . unless there exist identifiable, substantial, and compelling circumstances" that distinguish a case and overcome the presumption in favor of the guidelines sentence. *Id.*; *see* Minn. Sent'g Guidelines cmt. 2.D.103 (Supp. 2021). The district court can exercise its discretion to depart from the guidelines "*only if* aggravating or mitigating circumstances are present," *State v. Best*, 449 N.W.2d 426, 427 (Minn. 1989), and those circumstances provide a "substantial[] and compelling" reason not to impose a guidelines sentence, Minn. Sent'g Guidelines 2.D.1 (Supp. 2021).

8

We need not determine whether counsel's argument for a downward sentencing departure was unreasonable because Zakrajshek has not met the second part of the *Strickland* test, which requires a showing of prejudice stemming from deficient representation. As the postconviction court noted, "[g]iven the severity of the actual offense, there was no arguable basis for the [c]ourt to grant a downward durational or dispositional departure," and "under the circumstances[,] the [c]ourt would not have granted that request." On this record, there is no basis to conclude that Zakrajshek was prejudiced by his attorney's representation at sentencing. Indeed, counsel's failure to make a more robust departure argument likely reflected the fact that the circumstances simply did not reveal substantial and compelling reasons for a sentencing departure.

Because Zakrajshek has not shown that the outcome of his sentencing hearing would have been different if his lawyer had made a better argument for departure, he failed to satisfy the second part of the *Strickland* test. 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

In sum, the postconviction court correctly determined that Zakrajshek did not meet his burden to show ineffective assistance of counsel and therefore did not abuse its discretion by rejecting Zakrajshek's request for relief on that claim.

## II.

Zakrajshek contends that plea withdrawal was necessary to correct a manifest injustice. *See* Minn. R. Crim. P. 15.05, subd. 1 (stating that the district court must allow plea withdrawal when "necessary to correct a manifest injustice"). A manifest injustice

9

exists if a guilty plea is not valid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). To be valid, a guilty plea must be "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). "A defendant bears the burden of showing his plea was invalid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). The validity of a guilty plea is a question of law that this court reviews de novo. *Id.*

Zakrajshek argues that his guilty plea was defective as a matter of law because he was never informed that his sentence would include a conditional-release period. We question whether Zakrajshek's request for plea withdrawal based on the imposition of a conditional-release period is properly before us because the issue was not raised or decided in the postconviction court. "It is well settled that a party may not raise issues for the first time on appeal from denial of postconviction relief." *Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006) (quotations omitted). We assume, without deciding, that the issue is properly before us in this appeal.

Minnesota statutes mandate imposition of a ten-year conditional-release period if a person is convicted and sentenced for first-degree criminal sexual conduct. *See* Minn. Stat. § 609.3455, subd. 6 (2020 & Supp. 2021). Although Zakrajshek may not have been aware of the ten-year conditional-release period when he pleaded guilty, the record shows that Zakrajshek was aware of it at sentencing. First, the PSI recommended that Zakrajshek "be informed of his [ten]-year [c]onditional-[r]elease period." And at sentencing, trial counsel stated that he and Zakrajshek had "thoroughly" reviewed the PSI, and they did not object to the PSI, including the conditional-release period. When pronouncing sentence, the

district court informed Zakrajshek that he would serve "ten years on conditional release." Again, no objection or questions were raised regarding the conditional-release period.

In sum, the recommendation for and imposition of the statutorily mandated ten-year conditional-release period was clearly communicated to Zakrajshek and his attorney at sentencing, and Zakrajshek did not object. *State v. Rhodes* establishes that Zakrajshek is not entitled to relief under those circumstances. 675 N.W.2d 323, 327 (Minn. 2004).

In *Rhodes*, the defendant argued that his guilty plea was not intelligent because he was not informed of the mandatory imposition of a conditional-release period when he entered his guilty plea. *Id.* Rhodes argued that "the focus in ascertaining the validity of a guilty plea should be on what the defendant knew at the time he decided to plead guilty, not what he may have subsequently learned from the presentence investigation report or at the sentencing hearing." *Id.* The supreme court rejected that argument and, for the reasons that follow, agreed that Rhodes's plea was intelligently made:

> First, at both the time of his plea and of sentencing, Rhodes was on notice that the conditional release term for sex offenders was mandatory and could not be waived by the district court. The statutory requirement of a conditional release term was added in 1992, years before Rhodes entered his plea. Second, we recognized the mandatory nature of conditional release terms in [decisions that were issued] . . . . [ten] months before Rhodes pleaded guilty on May 19, 1999. Third, the postconviction court *could infer from Rhodes' failure to object to the presentence investigation's recommendation, the state's request at the sentencing hearing and the court's imposition of the sentence, that Rhodes understood from the beginning that the conditional release term would be a mandatory addition to his plea bargain.*

*Id.* (emphasis added).

11

The relevant circumstances here are like those in *Rhodes*. The imposition of a mandatory conditional-release term for sex offenders was well-established at the time of Zakrajshek's guilty plea. *See State v. Garcia*, 582 N.W.2d 879, 881 (Minn. 1998) (stating that, when applying a prior version of the statute, the terms of conditional-release statute are "mandatory and nonwaivable"). At sentencing, both the PSI and the district court informed Zakrajshek of the mandatory ten-year conditional-release term. Given Zakrajshek's failure to object to the PSI recommendation for a conditional-release term or the district court's imposition of that term, one can infer that Zakrajshek understood that the conditional-release term would be a mandatory addition to his plea bargain.

Zakrajshek's argument that caselaw compels a different outcome is unavailing because the cases on which he relies involved circumstances in which conditional-release terms were imposed *after* sentencing or in which a petition to plead guilty expressly indicated that the parties did not contemplate a conditional-release term. Those are not the circumstances here. *See Rhodes*, 675 N.W.2d at 327 (distinguishing cases in which "the conditional release term was not mentioned at the sentencing hearing or included in the initial sentence"); *State v. Wukawitz*, 662 N.W.2d 517, 523-25, 529 (Minn. 2003) (stating that the court's "holding is limited to those situations where the original sentence did not include conditional release" and distinguishing cases "in which the district court failed to impose conditional release at sentencing and later amended the sentence to add the conditional release term"); *Uselman v. State*, 831 N.W.2d 690, 693-94 (Minn. App. 2013) (refusing to apply *Rhodes* because "[u]nlike the plea petition in *Rhodes*, which was silent

12

on conditional release, Uselman's plea petition . . . . expressly declared that conditional release was not applicable").

Zakrajshek also argues that his guilty plea was unintelligent, once again asserting that his attorney was ineffective because he did not explain Zakrajshek's constitutional rights or the consequences of his plea. "Because ineffective assistance of counsel may render a plea constitutionally invalid, and a manifest injustice exists if a guilty plea is not valid, a guilty plea based on ineffective assistance of counsel creates a manifest injustice as a matter of law." *State v. Ellis-Strong*, 899 N.W.2d 531, 541 (Minn. App. 2017) (quotation and citations omitted). But as explained in section I of this opinion, Zakrajshek's testimony alleging ineffective assistance of counsel at the plea phase was not credible, and he therefore failed to show ineffective assistance of counsel.

In conclusion, Zakrajshek has not shown that the postconviction court abused its discretion by denying his request for relief. We therefore affirm.

**Affirmed.**